**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

                                     Case No. 5:26-cr-00613-MIS

TYRESE WHITE,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

**THIS MATTER** is before the Court on Defendant Tyrese White's Motion to Dismiss Count One of the Indictment ("Motion"), ECF No. 19, filed March 18, 2026.  The Government filed a Response on April 1, 2026, ECF No. 21.  Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

**I.    Background**

On July 30, 2025, police officers observed Defendant in possession of a firearm near Booker T. Washington Elementary School in Hobbs, New Mexico.  See Aff. in Support of a Crim. Compl. ¶¶ 2, 4-5, 7, 9.  On February 18, 2026, a Grand Jury sitting in the District of New Mexico returned an Indictment charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A) (Count 2).  ECF No. 14 at 1-2.  The felon in possession offense charged in Count 1 was based on two prior felony convictions.  Id. at 1.  First, on August 5, 2020, Defendant was adjudicated guilty of being in possession of a stolen firearm in violation of 18 U.S.C. § 922(j), and sentenced to eighteen months' imprisonment, to be followed by three years' supervised release.  United States v. White, Case No. 7:20-CR-00074, ECF No. 75 (W.D. Tex. Aug. 5, 2020); Aff. in Support of a Crim. Compl. ¶ 10.  Second, on January 9, 2024, this Court

adjudicated Defendant guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentenced him to fifty-one months' imprisonment, to be followed by three years' supervised release.  United States v. White, Case No. 5:22-cr-00629-MIS, ECF No. 50 (D.N.M. Jan. 9, 2024); Aff. in Support of a Crim. Compl. ¶ 11.

On March 18, 2026, Defendant filed the instant Motion to Dismiss Count One of the Indictment, ECF No. 19, to which the Government filed a Response, ECF No. 21.

## II.     Legal Standard

In general, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]"  Fed. R. Crim. P. 7(c)(1).  "An indictment need only meet minimal constitutional standards, and [the Court] determine[s] the sufficiency of an indictment by practical rather than technical considerations."  United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997).  "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."  Id.

Notwithstanding the "minimal constitutional standards" required to render an indictment sufficient, id., a defendant may file a pretrial motion alleging "a defect in the indictment . . . including: failure to state an offense[.]"  Fed. R. Crim. P. 12(b)(3)(B)(v).  Rule 12(b) "permits pretrial resolution of a motion to dismiss the indictment only when 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'"  United States v. Pope, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting United States v. Covington, 395 U.S. 57, 60 (1969)).  "If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."  Id.  However,

> courts may entertain even motions to dismiss that require resort to facts outside the indictment and bearing on the general issue in the "limited circumstances" where "[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts," and [3] the district court can determine from them that, "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."

Id. at 1260 (quoting United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994)); see also United States v. Todd, 446 F.3d 1062, 1068 (10th Cir. 2006).

## III.    Discussion

Defendant argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him under the U.S. Supreme Court's decision in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), because his prior conviction for being a felon in possession of a firearm "is not the kind of conviction that would not [sic] put him in the category of people whose right to possess firearms would historically be restricted."  Mot. at 2.  Defendant acknowledges that his argument is foreclosed in this Circuit by Vincent v. Bondi, 127 F.4th 1263, 1265-66 (10th Cir. 2025) (reaffirming holding of United States v. McCane, 573 F.3d 1037 (10th Cir. 2009) that § 922(g)(1) is constitutional "for all individuals convicted of felonies" irrespective of the type of felony involved), id. at 2-3, but raises the issue to preserve it in the event the United States Supreme Court later decides the issue in his favor, id. at 2.

Because Defendant's argument is foreclosed by the Tenth Circuit's opinion in Vincent, the Court denies his Motion.  See United States v. Lee, No. 24-1115, 2025 WL 1742852, at *1 (10th Cir. June 24, 2025) ("Given Vincent's holding that McCane remains binding, our precedent forecloses Mr. Lee's facial and as-applied challenges to § 922(g)(1)."); see also United States v. Becker, 168 F.4th 1337, 1344-45 (10th Cir. 2026) (finding that the defendant's argument that Section 922(g)(1) was facially unconstitutional was foreclosed by Vincent).

## IV.	Conclusion

Therefore, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss Count One of

the Indictment, ECF No. 19, is **DENIED**.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE